# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEAVIE SCOTT,**

       Plaintiff,

    -vs-                                                             Case No. 15-CV-347

**SAUK COUNTY JAIL,**
 **JOHN DOE, sued as John Doe Jail Captain,**
 **and LT. LANGE,**

       Defendants.

## SCREENING ORDER

The pro se plaintiff, Leavie Scott, who is incarcerated at the Terre Haute Federal Correctional Institution, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $10.28.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted

as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also*

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was confined at the Sauk County Jail (Jail) at all times relevant. He alleges that the Jail has certain rules that violate the Constitution. Specifically, he states that inmates are forced to wear a plastic bracelet that damages inmates' skin. The plaintiff alleges that Officer Larkin removed the plaintiff's bracelet due to a rash and bumps on his wrist.

Next, the plaintiff alleges that on March 10, 2015, Officer C. Keller took his legal materials while he was in the "hole" because it was against Jail rules. The plaintiff also alleges that his request to go to the library was denied.

Additionally, the plaintiff alleges that two unknown officers escorted him to the hole, and the younger officer tried to break his finger. The officer then allegedly wrote the plaintiff a false report stating that the plaintiff was resisting. The plaintiff alleges that he was sent to the hole for over a week without a hearing. He alleges that while he was in the hole, he was denied grievances to file complaints about being denied recreation

and about the food portions being too small.

The plaintiff seeks $1,000,000 compensatory damages for the violations of his constitutional rights. He also seeks an order that the Jail comply with all federal and state laws regarding inmate rules and regulations.

The plaintiff claims that forcing him to wear a bracelet that caused a rash violates the Eight Amendment. However, as indicated, he also alleges that Officer Lange removed the bracelet because of the rash. These allegations, therefore, do not implicate the Constitution.

The plaintiff also claims that he was denied access to legal materials while in the hole. To the extent that the plaintiff seeks to advance an access to the courts claim based on these allegations, the claim fails because the plaintiff does not allege any injury due to the lack of access to legal materials while in the hole. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

Next, the plaintiff claims that he was prevented from filing grievances concerning lack of recreation and food portion size while in the hole. However, the Jail's failure to follow its own procedures regarding grievances does not state a constitutional claim. *See Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011).

The plaintiff also claims that he was sent to the hole for over a week without a hearing. Assuming the plaintiff was a pretrial detainee while he was confined at the Jail, this may state a claim. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). The plaintiff should provide more information about this claim, specifically, whether he was a pretrial detainee, the names of defendants involved (if known), and any other relevant information about this claim.

The plaintiff's allegations that an unknown officer tried to break his finger may state an excessive force claim. The plaintiff should also provide the court with more information about this claim, specifically, what happened and the circumstances surrounding the claim.

If the plaintiff wants to proceed on due process and excessive force claims, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **September 14, 2015**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See*

*Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Failure to file an amended complaint may result in dismissal of this action.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **September 14, 2015**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Director of the Federal Bureau of Prisons or his designee shall collect from the plaintiff's prisoner trust account the $339.72 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the

warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2015.

>BY THE COURT:
>
>*/s/ Rudolph T. Randa*
>**HON. RUDOLPH T. RANDA**
>**U.S. District Judge**