IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

LEAVIE SCOTT,

                              Plaintiff,                        OPINION & ORDER

    v.

LT. LANGE and JOHN DOE JAIL OFFICER,                  15-cv-681-wmc

                              Defendants.
───────────────────────────────────────────────

*Pro se* plaintiff Leavie Scott was granted leave to proceed on a claim that an unknown officer used excessive force against him and that Lt. Lange sent him to the "hole" without a hearing. Defendants filed a motion for summary judgment, along with proposed findings of fact and supporting evidence, on March 2, 2015. (Dkt. ##38, 39, 40.) Defendants twice attempted to serve their summary judgment motion on Scott, but their mail was returned as undeliverable. The court attempted to contact Scott at the address he had provided to the court, as well as by calling his former case worker and the Rock County Jail, but also has been unable to make contact.

This is not the first time Scott has failed to keep the court or defendants apprised of his current address. Prior to the preliminary pretrial conference, held on December 15, 2015, plaintiff had changed addresses without notifying the court or defendants. The court had to seek assistance of the U.S. Marshal to contact plaintiff for the conference. Plaintiff was warned at the time that if he failed to keep his contact information up to date, the court may dismiss his lawsuit for failure to prosecute it. (Dkt. #28.)

In January and February of 2016, the court again attempted to mail information to plaintiff, but the mail was returned as undeliverable. After its own research, the court

discovered that plaintiff had been released from BOP custody in February of 2016, but had failed to notify the court of his changed address. He was also held at Rock County Jail for a short period of time, but was later released, again providing no forwarding address. Most recently, the court attempted to track plaintiff down by telephoning the Rock County Jail and his former case worker. Neither attempt proved successful.

Since plaintiff was previously warned that this case could be dismissed if he failed to keep his address up to date, his failure to do so amounts to an abandonment of his case completely, providing neither the court nor defendants with any way to contact him. Under the circumstances, the court concludes that it is entirely proper to dismiss this case with prejudice for plaintiff's failure to prosecute it. Fed. R. Civ. P. 41(b).

ORDER

IT IS ORDERED that this case is DISMISSED WITH PREJUDICE under Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute it. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 18th day of July, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge